# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

MARCELL T.H. ROBINSON III,

Petitioner,

v.

UNKNOWN,

Respondent.

Case No. 22-cv-1051-BAS-MSB

**ORDER DISMISSING CASE WITHOUT PREJUDICE (ECF No. 1)**

Petitioner, a federal prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), but has failed to pay the $5.00 filing fee and has failed to move to proceed *in forma pauperis* ("IFP").

## I.    FAILURE TO SATISFY FILING FEE REQUIREMENT

Because this Court cannot proceed until Petitioner has either paid the filing fee or qualified to proceed IFP, the Petition is subject to dismissal without prejudice.  *See* Rules 1(b), 3(a), 28 U.S.C. foll. § 2254.  If Petitioner wishes to proceed with this action, he must submit a copy of this order with the requisite $5.00 fee or adequate proof he cannot pay the fee.

## II.    VENUE

A habeas petition filed pursuant to 28 U.S.C. § 2241 must be brought in the district in which the petitioner is presently confined while a challenge under § 2255 must be brought in the district in which the petitioner was convicted.  *Hernandez v. Campbell*, 204

F.3d 861, 865 (9th Cir. 2000).   Petitioner is currently incarcerated at the Federal Correctional Institution Terminal Island, located in Los Angeles County, California.  (*See* ECF No. 1 at 1.)  As such, § 2241 jurisdiction exists in Petitioner's district of confinement, the Central District of California, Western Division, and not in the Southern District.  *See* 28 U.S.C. 84(c)(2); *see also e.g. Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989) ("Where . . . a prisoner challenges the manner in which the federal authorities are executing his federal sentences, it is not necessarily advantageous to have the federal district court which sentenced him resolve his section 2241 habeas corpus petition . . . The proper forum to challenge the execution of a sentence is the district where the prisoner is confined.").

Meanwhile, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence* to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a) (emphasis added).   While Petitioner has a criminal judgment issued by the Southern District of California, he indicates that he is not intending to proceed with a challenge under § 2255.  (*See* ECF No. 44 in So. Dist. Cal. Case No. 18cv5114-GPC-1; *see also* ECF No. 1 at 4.)  However, in an abundance of caution and because the instant habeas action is subject to dismissal for failure to satisfy the filing fee requirement, the Court will provide Petitioner an opportunity to clarify whether he intends to proceed with a challenge under § 2241 or § 2255.

## III.   CONCLUSION AND ORDER

The Petition is **DISMISSED** without prejudice for failure to satisfy the filing fee requirement.  To have this case reopened, Petitioner must submit a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee, **no later than September 21, 2022**.  For Petitioner's convenience, the Clerk of Court shall send a blank

Southern District of California *In Forma Pauperis* Application to Petitioner along with a copy of this Order.

With respect to venue, to the extent Petitioner is attempting to proceed with a habeas action pursuant to § 2241, he may do so by filing a Petition under 28 U.S.C. § 2241 in his present district of confinement as discussed above, currently the Central District of California, Western Division.  If Petitioner instead intends to challenge his conviction in the Southern District of California, the challenge may not be brought by way of § 2241 but may only be brought by way of § 2255.

**IT IS SO ORDERED**

**DATED: July 25, 2022**

Hon. Cynthia Bashant
United States District Judge